UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS LUIS FLORES CARRION,

Petitioner,

v. Case No. 3:26-cv-2612-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

## ORDER

Petitioner Carlos Luis Flores Carrion, an immigration detainee, initiated this action by filing a pro se Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Motion to Expedite, and Emergency Motion for Temporary Restraining Order and Immediate Release (Doc. 1; Petition) on September 28, 2026. See generally Petition. Flores Carrion, a citizen of Venezuela, was paroled into the United States on August 7, 2024. See Petition at 1; Record of Deportable/Inadmissible Alien (Doc. 6-2; Record) at 2. On July 13, 2026, local authorities arrested Flores Carrion following a traffic stop. Record at 2. The next day, United States Immigration and Customs Enforcement (ICE) assumed custody over him. Id. Flores Carrion requested a bond hearing, but the immigration judge held that he lacked jurisdiction over

the matter. Doc. 6-7 at 3. As relief, Flores Carrion seeks, inter alia, immediate release or, alternatively, a bond hearing. Petition at 5.

The Federal Respondents apparently understand Flores Carrion to argue that his detention without a bond hearing violates the Immigration and Nationality Act. See generally Federal Respondents' Opposition to Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Motion to Expedite, and Emergency Motion for Temporary Restraining Order and Immediate Release (Doc. 6). The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Flores Carrion, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Flores Carrion was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Flores Carrion's Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Motion to Expedite, and Emergency Motion for Temporary Restraining Order and Immediate Release (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Flores Carrion an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Flores Carrion, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

[1] Because the Court finds that Flores Carrion is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

lc36
c:
Counsel of Record